Dissenting opinion filed by Circuit Judge TALLMAN.
ORDER
On March 9, 2011, the district court granted state prisoner Joseph Duran a writ of habeas corpus on the ground that Duran’s waiver of his right to counsel violated Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) because it was not knowingly and intelligently made for the reason that the state trial judge who took the Faretta waiver incorrectly told Duran that he faced a maximum prison sentence of twenty years. The state timely appealed. We heard oral argument in this case on March 9, 2012.
At oral argument, the state reversed its position and argued for the first time that the state trial judge who took the Faretta waiver on October 28, 2004 correctly advised Duran that he faced a maximum punishment of twenty years. The state pointed out that twenty years was the maximum possible punishment at the time of the Faretta waiver because the original information only alleged one prior strike. The state pointed out that it was only after an amended information was filed on January 13, 2005 that Duran was exposed to a maximum term of life imprisonment, because the amended information included an additional prior strike, for a total of two prior strikes. Because the district court did not have the benefit of this argument when it granted Duran habeas relief, we VACATE the district court’s grant of ha-beas relief and REMAND for the district court to reconsider Duran’s amended ha-beas petition in light of the state’s new position.
On remand, the district court shall consider the state’s new position that the state trial judge correctly advised Duran of his maximum punishment (20 years) at the time of the October 28, 2004 Faretta waiver. In addition, the district court shall review any state court records regarding Duran’s January 14, 2005 arraignment on the amended information. (A copy of the state court minute order for Duran’s January 14, 2005 arraignment is attached to this order.) After reviewing the state court record, the district court shall make factual findings on the full extent of the advice that the state trial judge gave Duran regarding his rights during the January 14, 2005 arraignment, including: (1) whether Duran was advised of the maximum punishment he faced upon conviction, and, (2) whether Duran was advised of his Sixth Amendment right to counsel.
After making these factual findings, the district comet shall issue a ruling on all of the claims in Duran’s amended habeas petition, including Duran’s Faretta claim.
After it rules on Duran’s amended habe-as petition, the district court may issue a certificate of appealability on any claim raised in Duran’s amended habeas petition.
VACATED and REMANDED.